IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KNOWLEDGE UNDERSTANDING )
NEVELS, )
 )
        Petitioner, )
 )    **1:09CV922**
v. )    **1:04CR256-2**
 )
UNITED STATES OF AMERICA, )
 )
        Respondent. )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Knowledge Understanding Nevels, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 84.)[1] Petitioner was charged with one count of possession with intent to distribute 174.5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and one count of maintaining a place for the purpose of distributing cocaine base in violation of 21 U.S.C. § 856(a)(1) and (b). (Docket No. 1.) He later pled guilty to the possession with intent to distribute count and was sentenced to 245 months of imprisonment. (Docket Nos. 56, 57, 65.) Petitioner filed a direct appeal, but the judgment against him was upheld. (Docket Nos. 76-78.) He now seeks relief via his motion under § 2255. Respondent has filed a response seeking to have

---

[1] This and all further cites to the record are to the criminal case.

the motion denied (Docket No. 89) and Petitioner has filed a reply (Docket No. 93). The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

**Petitioner's Claims**

Petitioner claims in his motion and supporting memorandum that his sentence is procedurally and substantively unreasonable. He states that it is "procedurally unreasonable" because the sentencing judge did not properly consider all of the sentencing factors set out in 18 U.S.C. § 3553 and because he treated the sentencing range calculated under the United States Sentencing Guidelines (USSG) as presumptively reasonable. He argues that it is "substantively unreasonable" because the provision of the United States Sentencing Guidelines (USSG) under which he was sentenced, USSG §2D1.1, was not formulated as the result of empirical evidence gathered from thousands of individual sentences. He also believes that the sentencing judge should have considered the disparity between sentences for powder cocaine and those for cocaine base and should have considered other available sentences, all in conjunction with § 3553. Petitioner further claims that his sentence violates the prohibition against cruel and unusual punishment found in the Eighth Amendment of the United States Constitution. Finally, Petitioner asserts that his attorney provided him with ineffective assistance of counsel by failing to steer the sentencing judge toward the points upon which his other § 2255 claims are based.

## Discussion

Petitioner's first two claims are that his sentence was procedurally and substantively unreasonable. As Respondent points out, the Fourth Circuit considered both the procedural and substantive reasonableness of Petitioner's sentence on direct appeal. *United States v. Nevels*, 321 Fed. Appx. 226, 228 (4th Cir. Sept. 9, 2008). It found Petitioner's sentence reasonable in both ways. The issue of reasonableness was settled on direct appeal and may not now be relitigated in this collateral proceeding. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976). Petitioner replies that he should be allowed to raise his claims because the consideration of the reasonableness of his sentence on appeal did not include the specific arguments he makes now. This assertion fails. Some of the arguments were considered. The Fourth Circuit's opinion specifically mentioned the consideration of sentencing factors under § 3553(a), the lack of any need to discuss every such factor, and the use of USSG § 2D1.1 were all specifically mentioned in the opinion denying Petitioner's direct appeal. *Nevels*, 321 Fed. Appx. at 227-28.[2] To any extent that Petitioner's current arguments concerning the reasonableness of his sentence were not specifically considered, they were also not specifically raised and would likely be procedurally barred. Moreover, the review by the Fourth Circuit was a broad review that appeared to take in all considerations of

---

[2] To any extent to which *Boekenhaupt* does not cover these claims, this Court would not reach a different result on their merits than was reached by the Fourth Circuit on direct appeal.

reasonableness. Petitioner cannot avoid the rule of *Boeckenhaupt* merely by raising new details. His first two claims for relief should be denied.

Petitioner's next contention is that his lengthy sentence constitutes cruel and unusual punishment. This claim can be disposed of quickly. He received a sentence of 245 months of imprisonment for possessing with intent to distribute 174.5 grams of cocaine base. (Presentence Report (PSR) ¶ 12.) Petitioner's criminal history included seven prior drug convictions, as well as convictions for other offenses.[3] (PSR ¶¶ 25-32.) Given the nature of the offense and Petitioner's extensive criminal history, his sentence was in no way disproportionate to his crime so that it qualified as cruel and unusual punishment. Nor was it atypical of other sentences imposed for similar crimes in this District or other federal courts. Petitioner's claim should be denied. *See Harmelin v. Michigan*, 501 U.S. 957, (1991)(discussing these considerations and upholding a sentence of life imprisonment without the possibility of parole for possession of 672.5 grams of cocaine even though the defendant had no prior felony convictions).

Petitioner's final claim is that his attorney provided him with ineffective assistance of counsel during sentencing. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland*

---

[3] He also reported no substantial record of legal employment. (PSR ¶ 48-51.)

*v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Here, Petitioner mainly argues that his attorney should have raised the claims discussed above during sentencing. Of course, those claims have no merit for the reasons already set out and for those set out by the Fourth Circuit on direct appeal. Petitioner's attorney did not err in failing to raise meritless claims and could not have prejudiced Petitioner in any event. Petitioner also states that his attorney should have argued the factors listed in § 3553(a) in order to have him receive a sentence below the advisory Guidelines range. This claim is entirely conclusory. Petitioner does not point to any factor under § 3553(a) that could have been argued or cite to any evidence that his attorney could have

-5-

Case 1:04-cr-00256-NCT   Document 94   Filed 04/27/10   Page 5 of 6

used to support an argument.[4] This claim is not sufficient to proceed. Petitioner's motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 84) be denied and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: April 27, 2010

---

[4] Petitioner also argues at one point that his attorney erroneously stated to the sentencing judge that a sentence within the calculated Guidelines range would be reasonable. Again, Petitioner's claim is conclusory. There is no evidence in the record that his attorney could have used to formulate an argument that Petitioner's sentence should not have been within the calculated range. The fact is that Petitioner was dealing drugs at the time of these charges, just as he had apparently done for his entire adult life.