**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


KNOWLEDGE UNDERSTANDING      )
NEVELS,      )
      )
      Petitioner, pro se,      )
      )      1:09CV922
      v.      )      1:04CR256-2
      )
UNITED STATES OF AMERICA,      )
      )
      Respondent.      )


**MEMORANDUM ORDER**

The Recommendation of the United States Magistrate Judge ("Recommendation") was filed with the court in accordance with 28 U.S.C. § 636(b) [Docket No. 94] and, on April 27, 2010, was served on the parties in this action. Petitioner ("Mr. Nevels") objected to the Recommendation [Docket No. 96].

The court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's ruling. The court therefore adopts the Magistrate Judge's Recommendation.

Mr. Nevels entered a plea of guilty on March 8, 2007 for which he was sentenced on September 13, 2007. He appealed to the Fourth Circuit, which affirmed his conviction and sentence. United States v. Nevels, 321 Fed. Appx. 226, 228 (4th Cir. Sept. 9, 2008) (unpublished). Subsequently, on November 30, 2009, Mr. Nevels

filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." [Docket Nos. 84, 85]. In his motion, Mr. Nevels alleged that his sentence is procedurally and substantively unreasonable and violates the Eighth Amendment and that his counsel was ineffective. Magistrate Judge Sharp recommended denial of Mr. Nevels's § 2255 motion. As part of his recommendation, Judge Sharp found that the Fourth Circuit had considered Mr. Nevels's reasonableness arguments, and, if the Court had not done so, they were "likely procedurally barred." Recommendation at 3. Mr. Nevels objected to these findings.[1] [Docket No. 96]. While the court adopts the Magistrate Judge's Recommendation, the conclusion that the Fourth Circuit addressed Mr. Nevels's procedural and substantive reasonableness claims deserves further attention in light of his objections.[2]

Mr. Nevels's counsel filed an <u>Anders</u> brief with the Fourth Circuit stating that "after a conscientious examination of the entire record of the case, the defendant has

---

[1] Mr. Nevels also objected to the findings that his sentence was not disproportionate and that his counsel was not ineffective. <u>See</u> Docket No. 96.

[2] <u>See</u> <u>id.</u> As Judge Sharp noted, an issue "settled on direct appeal … may not now be relitigated in this collateral proceeding." Recommendation at 3 (citing <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (A defendant "will not be allowed to recast, under the guise of a collateral attack [in a § 2255 motion], questions fully considered by [the Fourth Circuit].")). In Boeckenhaupt's direct appeal, he challenged his conviction and sentence on the grounds that (1) there was no probable cause to arrest him, (2) he was deprived of rights under Federal Rule of Criminal Procedure 5, (3) the prosecutor and judge violated his fifth amendment rights, (4) two of his charged counts arose from the same acts for which he should not receive consecutive sentences, and (5) the district judge violated the Jencks Act. <u>Boeckenhaupt v. United States</u>, 392 F.2d 24 (4th Cir. 1968). In Boeckenhaupt's subsequent § 2255 motion, he claimed (1) there was no probable cause to arrest him, (2) the military had no jurisdiction to detain him once he was off base with the F.B.I., and (3) consecutive sentences under the "same evidence" rule were unlawful. <u>Boeckenhaupt</u>, 537 F.2d at 1183. The Fourth Circuit held that it decided the issues in Boeckenhaupt's § 2255 motion on direct appeal. <u>Id.</u>

no meritorious grounds for appeal." See App. Br. at *2, 2008 WL 2563440 (4th Cir. June 19, 2008) and Nevels, 321 Fed. Appx. 226. However, the defendant did raise the following issues on appeal: (1) whether the District Court erred in increasing Mr. Nevels's offense level because of a firearm located in Mr. Nevels's home and near drugs and (2) whether Mr. Nevels needed to preserve his right to consideration for sentencing review due to the November 2007 crack-cocaine Sentencing Commission changes. App. Br. at *2. In affirming the sentence, the Fourth Circuit specifically addressed the firearm and crack-cocaine sentencing issues, directing Mr. Nevels to file a motion pursuant to 18 U.S.C. § 3582(c)(2) with the District Court. Nevels, 321 Fed. Appx. at 227-28.[3]

Despite Mr. Nevels's arguments to the contrary, the Fourth Circuit's affirmation of his sentence as reasonable incorporated each of the claims of unreasonableness in his § 2255 motion. Specifically, the Fourth Circuit addressed Mr. Nevels's claims of unreasonableness surrounding the drug sentencing guidelines when it directed him to file a motion pursuant to 18 U.S.C. § 3582(c)(2) with the District Court.[4] Id. at 228. Furthermore, the Fourth Circuit noted that substantive reasonableness was a product

_____

[3]Mr. Nevels followed the direction of the Fourth Circuit and filed a "Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)" on December 8, 2008. [Docket No. 82]. The Government filed its response September 27, 2010, and Mr. Nevels filed a related document October 21, 2010. [Docket Nos. 100, 101].

[4]Mr. Nevels's related § 2255 arguments are that § 2D1.1 of the sentencing guidelines is not based on empirical data and that the 100 to 1 crack-cocaine/powder-cocaine disparity is flawed. [Docket No. 85, p. 4-6].

of the totality of the circumstances - the guideline range, the parties' arguments, and the 18 U.S.C. § 3553(a) factors. Id. Specifically, the Fourth Circuit stated that a district court need not discuss every § 3553(a) factor on the record, particularly if the sentence imposed is within the guideline range.[5] Id. The Fourth Circuit reviewed the record and found no issues for appeal. Id. Therefore, although Mr. Nevels did not raise procedural and substantive reasonableness in his direct appeal, the Fourth Circuit did specifically address the procedural and substantive reasonableness of his sentence and found it to be reasonable. The law affecting Mr. Nevels's sentence has not changed subsequent to his direct appeal;[6] thus, pursuant to Boeckenhaupt, Mr. Nevels may not relitigate issues of reasonableness in his § 2255 motion.

The Fourth Circuit did not explicitly discuss Mr. Nevels's claim that the District Court applied a presumption of reasonableness concerning the sentencing guidelines that is reserved only for an appellate court's review.[7] Even if the Fourth Circuit's overall finding of reasonableness did not address this particular claim, this claim "would likely be procedurally barred." Recommendation at 3. Mr. Nevels would need

---

[5]Mr. Nevels's related § 2255 argument is that the District Court only articulated two of the 18 U.S.C. § 3553(a) factors - the guidelines and deterrence. [Docket No. 85, p. 1-3]. In addition, he argued that the court should have considered the disparity between his previous incarceration period and the instant sentence. Id. at 3.

[6]See United States v. Walker, 299 Fed. Appx. 273 (4th Cir. Oct. 31, 2008) (unpublished) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal.")(citing United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004)).

[7]A District Court "may not presume that the Guidelines range is reasonable." Gall v. United States, 552 U.S. 38, 50 (2007) (citing Rita v. United States, 551 U.S. 338, 351 (2007)).

to show cause and actual prejudice in order for the District Court to address a claim of unreasonableness that was not raised contemporaneously at sentencing or on direct appeal. See United States v. Frady, 456 U.S. 152, 167 (1982); see also United States v. Ellis, No. 94-6690, 1996 WL 394032, *3 (4th Cir. July 16, 1996) (unpublished) (providing examples of cause). Alternatively, "he [would have to] demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack" by showing actual innocence by clear and convincing evidence.[8] United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).

Mr. Nevels does not meet either burden. He has shown no cause excusing his failure to raise this particular issue at sentencing or on direct appeal, nor has he shown actual prejudice resulting from the alleged error. During the sentencing hearing, Mr. Nevels's counsel argued for the middle of the guideline range, stating "that would be, as our Fourth Circuit has said, if it's within the guidelines it's reasonable." [Docket No. 72, p. 7]. The District Court responded, "It's presumptively reasonable. It doesn't mean that it's necessarily reasonable." Id. In the context of Mr. Nevels's counsel's preceding remarks, the District Court may have recognized that the Fourth Circuit has found a sentence within the guidelines reasonable as appellate courts are permitted to do. Furthermore, the District Court read Mr. Nevels's arguments in his position

---

[8]"Actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision." Mikalajunas, 186 F.3d at 492.

paper and heard oral arguments from his counsel concerning Mr. Nevels's possession of a firearm. The government presented a lengthy oral argument, addressing the firearm possession and reviewing Mr. Nevels's criminal history. Finally, the court considered the § 3553(a) factors. The totality of the circumstances illustrates that Mr. Nevels was not prejudiced by this alleged error. Furthermore, not only does it appear that the actual innocence excuse does not apply in Mr. Nevels's case, Mr. Nevels has made no argument that he is actually innocent of any predicate offense. See Docket Nos. 56, 84, 85.

**IT IS THEREFORE ORDERED** that Petitioner's motion to vacate, set aside or correct sentence [Docket No. 84] be **DENIED** and that this action be dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This, the 21st of January, 2011.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge